UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT D. GENTRY,

           Plaintiff,

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and
Does 1-100,

           Defendants.

                                      NO. CIV. S-09-0671 LKK/GGH

O R D E R

On March 2, 2010, defendant filed a motion for summary judgment set to be heard on April 5, 2010. On March 22, 2010, plaintiff filed an opposition to defendant's motion. This opposition heavily relied upon a declaration from plaintiff's expert witness, David F. Peterson. On March 29, 2010, defendant filed a reply brief. Along with this brief, defendant filed objections to Peterson's declaration. In essence, defendant argued that because plaintiff filed Peterson's expert report eight days after the report was due under this court's scheduling order and Federal Rule of Civil Procedure 26.

Pursuant to this court's June 3, 2009 scheduling order, expert disclosures and reports were due on December 10, 2009. On this

1

date, plaintiff disclosed his expert, but indicated that the report would be submitted to defendant on December 18, 2009. On December 11, 2009, defendant filed objections to plaintiff's disclosure because it violated this court's scheduling order and Federal Rule of Civil Procedure 26. In response, plaintiff filed two affidavits on December 18, 2009. The affidavit of Peterson indicated that the delay was because he mistakenly calendared the deadline for submission of the report. Peterson also notes that the documents he needed to finalize the report were only sent to him on December 9, 2009. The affidavit of plaintiff's counsel explains that he had been trying to obtain these necessary documents since November 24, 2009, but defendant only produced them on December 4, 2009. Plaintiff's counsel testifies that he did not personally receive the documents until December 8, 2009, when he shipped them to Peterson via overnight delivery. Plaintiff, however, never filed a motion to amend the scheduling order or a motion to compel defendants to produce these necessary documents. It nonetheless appears to the court that plaintiff may have good cause to amend this court's scheduling order.

For this reason, the court ORDERS plaintiff to file a motion to amend the scheduling order within fourteen (14) days of the issuance of this order. This motion should also indicate whether plaintiff believes that discovery and/or law and motion[1] should be reopened, and if so, for how long. Defendant shall file an

---

[1] Defendant's pending motion for summary judgment will be heard even if the court does not reopen law and motion.

opposition to this motion within fourteen (14) days of service of plaintiff's motion. This opposition shall also indicate whether defendant believes that discovery and/or law and motion should be reopened, and if so, for how long.

The court further orders that the hearing on defendant's motion for summary judgment, Doc. No. 31, is VACATED. A new hearing date will be set after the court resolves plaintiff's motion to amend the scheduling order.

IT IS SO ORDERED.

DATED: April 1, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3