UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT D. GENTRY,

        Plaintiff,

   v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and
Does 1-100,

        Defendants.
_____/

NO. CIV. S-09-0671 LKK/GGH

O R D E R

On March 2, 2010, defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a motion for summary judgment as to all claims brought by plaintiff Robert D. Gentry ("Gentry"). On March 22, 2010, Gentry filed an opposition to State Farm's motion. This opposition was flawed in two serious ways. First, plaintiff relied almost entirely upon a declaration from his expert witness, whose report was not timely filed. Accordingly, the court ordered plaintiff to file a motion to amend the scheduling order, which was granted on June 9, 2010.

Second, plaintiff entirely misunderstands the standard for summary judgment. Specifically, plaintiff believes that "as long as Gentry is able to raise a triable issue of fact as to **any** of the

1

1  hundreds of purportedly undisputed facts set forth in State Farm's
2  motion [in the separate statement of undisputed facts], the motion
3  must be denied as to that claim or cause of action." Opposition,
4  Dkt. No. 40, at 10. Plaintiff also has no understanding of what
5  sort of evidence is necessary to a material, factual dispute.
6       Pursuant to Fed. R. Civ. P. 56, summary judgment is
7  appropriate when there exists no genuine issue as to any material
8  fact. Such circumstances entitle the moving party to judgment as
9  a matter of law. Fed. R. Civ. P. 56(c); see also Adickes v. S.H.
10 Kress & Co., 398 U.S. 144, 157 (1970); Secor Ltd. v. Cetus Corp.,
11 51 F.3d 848, 853 (9th Cir. 1995). Under summary judgment practice,
12 the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

17 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed.
18 R. Civ. P. 56(c)).
19       If the moving party meets its initial responsibility, the
20 burden then shifts to the opposing party to establish the existence
21 of a genuine issue of material fact. Matsushita Elec. Indus. Co.
22 v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986); see also First
23 Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89
24 (1968); Secor Ltd., 51 F.3d at 853. In doing so, the opposing party
25 may not rely upon the denials of its pleadings, but must tender
26 evidence of specific facts in the form of affidavits and/or other

1  admissible materials in support of its contention that the dispute
2  exists. Fed. R. Civ. P. 56(e); see also First Nat'l Bank, 391 U.S.
3  at 289. In evaluating the evidence, the court draws all reasonable
4  inferences from the facts before it in favor of the opposing party.
5  Matsushita, 475 U.S. at 587-88 (citing United States v. Diebold,
6  Inc., 369 U.S. 654, 655 (1962) (per curiam)); County of Tuolumme
7  v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).
8  Nevertheless, it is the opposing party's obligation to produce a
9  factual predicate as a basis for such inferences. See Richards v.
10 Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). The
11 opposing party "must do more than simply show that there is some
12 metaphysical doubt as to the material facts . . . . Where the
13 record taken as a whole could not lead a rational trier of fact to
14 find for the nonmoving party, there is no 'genuine issue for
15 trial.'" Matsushita, 475 U.S. at 586-87 (citations omitted).

16      In the interests of justice, the court orders plaintiff to
17 file a sur-reply to the motion for summary judgment. In this sur-
18 reply, plaintiff must review each cause of action to which he
19 intends to oppose summary judgment and present admissible evidence
20 to demonstrate that a reasonable jury could find for him as to that
21 claim. It is not sufficient to merely identify a dispute as to one
22 undisputed fact as to each cause of action in defendants' separate
23 statement. Rather, plaintiff must show that the admissible
24 evidence, taken in a light most favorable to him, demonstrates a
25 triable issue of fact as to that claim. Further, plaintiff must
26 present admissible evidence. He **cannot** rely on an expert

3

declaration for anything but opinion. This means that plaintiff must present specific references to the record for all facts he intends to use in opposition to the motion. These typically include the following: citations to deposition transcripts, citations to declarations, and citations to documents authenticated through either depositions or declarations. For example, if plaintiff intends to submit evidence that he called State Farm on a particular day, he may **not** provide this evidence in the form of an expert declaration. Rather, he must provide a citation to deposition testimony or a declaration of plaintiff or another party with personal knowledge of the call. Additionally, he may provide documentary evidence of this call. The document, however, **must** be authenticated by someone with personal knowledge of its contents. This may only be done through testimony under penalty of perjury, either in the form of deposition testimony or declaration. Plaintiff may not merely cite to documents produced in discovery. Failure to demonstrate through admissible evidence that a reasonable jury could find for plaintiff will result in this court granting defendants' motion.

    For the foregoing reasons, the court ORDERS as follows:

(1) Plaintiff shall file a sur-reply to defendant's motion in the manner described above on or before June 28, 2010.

(2) Defendant may file a response to plaintiff's sur-reply on or before July 6, 2010.

////

(3) Defendant's motion for summary judgment, Dkt. No. 33, shall be continued to July 12, 2010 at 10:00 a.m.

(4) Counsel for plaintiff is ORDERED TO SHOW CAUSE in writing by June 29, 2010 why sanctions in the amount of $250, as permitted by Local Rule 110, should not issue for his failure to comply with the Federal Rule of Civil Procedure 56 and the Federal Rules of Evidence in his opposition to defendant's motion for summary judgment. Alternatively, counsel for plaintiff may pay the sanction of $250 to the Clerk of Court by June 29, 2010. If counsel elects to do so, he must contemporaneously file an affidavit accompanying the payment of the sanction which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or in any way made the responsibility of the client as attorneys' fees or costs.

IT IS SO ORDERED.

DATED: June 15, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT